NOT FOR PUBLICATION                                                                               CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD BASS,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES, et al.,<br><br>                      Defendants. | Civil Action No.:11-1071 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES**, District Judge

    *Pro se* Plaintiff Ronald Bass commenced the instant action on February 24, 2011 against Defendants United States Department of Health and Human Services, United States Department of Justice, Inspector General Offices, Social Security Administration, Drug Enforcement Administration, Immigration and Naturalization Service (collectively, the "Agency Defendants") and the State of New Jersey seeking damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.  As a procedural matter, the Department of Health and Human Services received Plaintiff's administrative complaint under the Federal Tort Claims Act on August 13, 2010.  On August 23, 2010, the Department of Health and Human Services denied the claim for failure to specify negligent actions by the agency's employees.  Plaintiff's request for reconsideration was also denied by letter dated October 6, 2010.  There is no indication that Plaintiff presented administrative claims to the other Agency Defendants.

    Although Plaintiff's recitation of the facts is somewhat muddled, Plaintiff appears to allege that he was previously the subject of criminal investigations by the State and federal

governments. Plaintiff alleges that the charges brought against him were false and were ultimately dismissed. While Plaintiff was jailed, he contends that he was injected with a harmful substance, causing him injuries. Plaintiff alleges that he was injured on State and/or federal government property on or about February 1991, April 5, 1991, and November 2002. Plaintiff believes that certain unspecified defendants had property and casualty insurance, and therefore he is a third party beneficiary entitled to insurance payments. He also appears to seek a court order directing the Department of Justice, Office of Inspector General to investigate unspecified civil rights violations and misconduct by the Federal Bureau of Investigation and the Drug Enforcement Administration.

Under Fed. R. Civ. P. 8(a), a complaint must contain a short plain statement of the grounds for the Court's jurisdiction and a plain statement of the claim showing that the pleader is entitled to relief. From the pleading, the Court must be able to draw a reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (20092; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Where the pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the pleader is not entitled to relief. Iqbal, 129 S.Ct. at 1949-50.

Upon review of Plaintiff's complaint, it is clear that Plaintiff has failed to provide any plausible legal theory on which he may bring claims. Rather, Plaintiff's factual allegations are entirely unclear, and in part, incredible. For example, Plaintiff avers that in 2003 an Essex County Superior Court Judge stated on the record that then President George W. Bush was seeking Plaintiff's conviction. He continues that the Essex County Judge and "Bob Dole committed fraud on the Court under the collusion of [the Judge] and Bob Dole." Bass further alleges that the State and federal governments negligently hired employees who intentionally,

willfully, and maliciously injured Plaintiff by omitting drug enforcement identification, and manufacturing evidence for grand jury shopping. Plaintiff does not state when this occurred, which drug enforcement identification plaintiff is referencing, why it should have been included in what, where and by whom.

Bass also contends that the "defendants in their individual official capacity" colluded to stalk and falsely imprison Plaintiff. These unnamed employees supposedly committed assault, battery, and medical malpractice by injecting Bass with a foreign substance while he was in various county jails. Plaintiff omits the names, positions, and supervisory agencies of the supposed wrongdoers, along with the location and dates of the incidents. In sum, Plaintiff's complaint is mere conjecture lacking sufficient plausible factual allegations to survive Defendants' Rule 8 challenge.

Even if Plaintiff's complaint could survive a Rule 8 screening, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action. The United States of America, as a sovereign, and its agencies are immune from suit unless they consent to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The FTCA — under which Plaintiff brings suit — constitutes a limited waiver of sovereign immunity. Livera v. First National State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989). Under the Act, the Government has consented to be sued for "negligent or wrongful acts or omissions" of its employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA does not generally permit suit against the government for intentional torts. 28 U.S.C. § 2680. Additionally, under the statute, federal agencies may not be named as Defendants.

More significantly, a Plaintiff must exhaust his administrative remedies before filing a complaint in district court. 28 U.S.C. § 2675. That claim must be presented to the appropriate federal agency within two years after it accrued. Any claim presented after the two year period will not satisfy the jurisdictional exhaustion requirement. Kieffer v. Vilk, 8 F. Supp. 387, 395-96 (D.N.J. 1998).

In this case, all the Agency Defendants must be dismissed because federal agencies are immune from suit. Further, even without immunity, Plaintiff's claims appear to be time-barred because the injuries he alleges occurred in 1991, 2002, and 2005 respectively. Thus, the latest he could have filed an administrative claim would have been in 2007. Not withstanding his administrative claim against the Department of Health and Human Services, Plaintiff has not demonstrated that he exhausted his administrative remedies as to the other Agency Defendants. Consequently, the Court lacks subject-matter jurisdiction to review this matter as it pertains to the Agency Defendants.

Similarly, Plaintiff cannot brings claims against the State of New Jersey because they are barred by the doctrine of sovereign immunity. Sovereign immunity bars States from being sued without their consent. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). Sovereignty applies to both state law claims and federal civil rights claims. Thus, as Plaintiff has not demonstrated that the State has waived its sovereign immunity, his claim against the State of New Jersey must also be dismissed. For the reasons set forth above,

**IT IS** on this 8th day of September, 2011

**ORDERED** that Plaintiff's complaint is hereby dismissed in its entirety with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall close the file in this matter.

**SO ORDERED.**

/s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE